# BARNSTABLE COUNTY.

## SHADRACH N. HOWLAND vs. WESTON HOWLAND, JR.

Evidence that the plaintiff's marriage with his reputed wife was void is, in an action for the seduction of his reputed daughter, admissible on the defendant's part, to rebut a presumption of actual service by showing that the plaintiff was not legally entitled to her services ; and in mitigation of damages.

TORT.   The declaration was as follows : " And the plaintiff says, that the defendant, on or about the eighth day of April, A. D. 1872, debauched and carnally knew Flora N. Howland, a minor daughter of the plaintiff, between the age of fifteen and sixteen years, and the servant of the plaintiff, whereby the said Flora became pregnant and sick with child for a long space of time, to wit, for the space of nine months then next following, at the expiration of which time the said Flora was delivered of the child with which she was pregnant as aforesaid.   By means of which said several premises the said Flora was, for a long space of time, unable to do and perform her duties as a servant of the plaintiff, as aforesaid, and the plaintiff was thereby deprived of her service, and was put to great expense on account of her said sickness, to wit, the sum of one hundred dollars, and was occasioned great mental suffering."   The answer was a general denial.

At the trial in the Superior Court, before *Allen*, J., there was evidence tending to show that Flora N. Howland was delivered of a child, as alleged in the declaration, and that the defendant was its father.   The plaintiff testified that she was his minor daughter, and lived at his house.   There was no evidence in respect to any service which she rendered the plaintiff.   The defendant offered to prove, by competent evidence, that Sarah N. Howland, who was called the wife of the plaintiff, and who was the mother of Flora, was formerly the wife of one Heman B. Ryder, who obtained a divorce from her from the bonds of matrimony, in May, 1847, for her misconduct; that it was about a year after that time when the ceremony of marriage was performed between her and the plaintiff, and that Heman B. Ryder

was still alive. He contended that upon proof of these facts the plaintiff could not maintain the action. It appeared in the case, that the plaintiff and Sarah N. had lived together as hus-band and wife since the ceremony of marriage above stated. The court excluded this evidence, and the jury having found a verdict for the plaintiff, the defendant alleged exceptions. ᐟ

*G. Marston,* for the defendant.

*J. M. Day,* for the plaintiff.

WELLS, J. The evidence offered to show that the marriage of the plaintiff with Sarah N. Howland was illegal and void, tended directly to negative one proposition upon which his action was founded ; to wit, that he was legally entitled to the services of Flora N. Howland as his minor daughter. This was not in avoidance, but in direct denial and disproof of a material fact alleged by the plaintiff.

The plaintiff may indeed maintain his action upon proof of actual service, although not the legal parent ; and the facts of the case, with the supposed relations between them, might have war-ranted the jury in inferring that the condition of actual service existed. But that was not the necessary conclusion ; and the defendant was deprived of the benefit of evidence which was com-petent and material upon that issue also, as well as upon the question of the measure of damages.        *Exceptions sustained.*